**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

ANDREW J. DICKS, #336-138,      *

        Plaintiff,      *

      v.      *      CIVIL ACTION NO. GLR-14-1016

GREG FLURY, *PA*, et al.,      *

        Defendants.      *

**MEMORANDUM OPINION**

Pending before the Court are Defendants Greg Flury, PA and Colin Ottey, MD's ("Medical Defendants") Motion to Dismiss Plaintiff's Complaint (ECF No. 8), Defendant, Former Warden Bobby P. Shearin's[1] Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 18), and Shearin's Motion to Strike Amended Complaint (ECF No. 32).  The Court, having reviewed the Motions and supporting documents, finds no hearing necessary pursuant to Local Rule 105.6 (D.Md. 2014).  For the reasons outlined below, Shearin's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment will be granted and Shearin's Motion to Strike Amended Complaint and the Medical Defendants' Motion to Dismiss will be denied.

---

[1]  Bobby Shearin is no longer the warden at North Branch Correctional Institution ("NBCI") and no longer employed with the Maryland Department of Public Safety and Correctional Services ("DPSCS").  The current warden at NBCI is Frank Bishop.  The Federal Rules of Civil Procedure state than "[a]n action does not abate when a public officer who is a party in an official capacity … ceases to hold office while the action is pending."  Fed.R.Civ.P. 25(d).  Rather, when a public officer leaves or is removed from office, "[t]he officer's successor is automatically substituted as a party."  Id.  Accordingly, the clerk will be directed to substitute Frank Bishop for Bobby Shearin.

# I. BACKGROUND

Plaintiff Andrew Dicks alleges he was assaulted by Defendant Flury on October 9, 2012, while at a medical appointment.  Dicks avers that Flury punched him with a closed fist to the chest, then grabbed him with both hands and shoved him into an examining table causing him to fall and hit his head on a wall.  Dicks complains that the injury to his right knee, for which he was to receive treatment, was exacerbated during this altercation with Flury.  Dicks further asserts that Dr. Ottey refused to provide him with medical treatment for the injuries he suffered as a result of the alleged altercation.  Finally, Dicks alleges he filed grievances with Shearin concerning the alleged assault and denial of medical care that were never investigated.

Dicks initiated this case on April 1, 2014.  (ECF No. 1).  On May 12, 2014, he filed an Amended Complaint.  (ECF No. 7).  The Medical Defendants filed their Motion to Dismiss on June 2, 2014.  (ECF No. 8).  On June 17, 2014, Shearin filed his Motion to Dismiss or, in the Alternative, Motion for Summary Judgment.  (ECF No. 18).  Dicks filed Oppositions to the Motions.  (ECF Nos. 13, 21, 22).  On August 27, 2014, Dicks filed a Supplement to Amended Complaint.  (ECF No. 29).  The supplemental complaint does not include any allegations against the Medical Defendants, but solely seeks to include additional allegations against "prison officials" at NBCI.  (Id.).  On September 9, 2014, Shearin filed a Motion to Strike "Supplemental" Amended Complaint.  (ECF No. 32).  On September 18, 2014, Dicks filed an Opposition to the Motion to Strike.  (ECF No. 35).  The Motions are now ripe for disposition.

## II. DISCUSSION

**A.      Motion to Strike Supplemental Complaint**

On August 27, 2014, Dicks filed a Supplement to Amended Complaint asserting an additional claim of retaliation.  The Supplement to Amended Complaint alleges his security status was increased to "Max II" in retaliation for him having filed this lawsuit.  Shearin argues Dicks did not attempt to obtain Defendants' consent to amend his Complaint before filing the Supplement to Amended Complaint, nor did he obtain the permission of the Court before doing so.  Further, Shearin argues it would be unjust to allow Dicks to supplement his complaint regarding matters that allegedly occurred after Shearin was no longer the warden at NBCI.

A supplemental pleading differs from an amended pleading because it relates to matters occurring subsequent to the filing of the initial complaint.  Fed.R.Civ.P. 15(d).   Under Rule 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading . . . ."  Fed.R.Civ.P. 15(d).  Further, a party may supplement its complaint "even though the original pleading is defective in stating of a claim or defense."  Id.  The Fourth Circuit has noted that the standard for evaluating Rule 15(d) motions is "nearly identical" to the standard for evaluating Rule 15(a) motions.  Franks v. Ross, 313 F.3d 184, 198 n.15 (4th Cir. 2002).  "In either situation, leave should be freely granted, and should be denied only where 'good reason exists . . ., such as prejudice to the defendants.'"  Id. (alteration in the original) (quoting Walker v. United Parcel Serv., 240 F.3d 1268, 1278 (10th Cir. 2001)).

First, even construed liberally, Dicks filed his Supplement to the Amended Complaint without seeking permission of the Court as required by Rule 15(d).  Nevertheless, keeping in mind Dicks's pro se status, the Court declines to strike the Supplemental Amended Complaint on

the grounds that he did not file a proper motion with the Court.[2]  See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (explaining that generally, pro se pleadings are held to a less stringent standard than those pleadings drafted by an attorney).  Second, the Court finds that Shearin will not suffer any prejudice as a result of the supplement because although the reclassification of Dicks's security status occurred after Shearin's employment with DPSCS ended, Frank Bishop, Shearin's successor, is automatically substituted as a party.[3]

Here, Dicks's Supplemental Complaint alleged retaliation by "prison officials" for exercise of his right of access to courts.  Thus, the Court finds that good cause exists to permit Dicks to supplement his complaint, pursuant to Federal Rule of Civil Procedure 15(d).  Accordingly, Shearin's Motion to Strike Amended Complaint will be denied and Defendant Bishop will be directed to respond to the Supplemental Complaint in due course.

**B.    Medical Defendants' Motion to Dismiss**

The Medical Defendants move to dismiss the Complaint on the basis that (1) Dicks failed to exhaust his administrative remedies; (2) they are entitled to qualified immunity; and (3) Dicks failed to state a claim for violation of his Eighth Amendment right to be free from cruel and unusual punishment and depriving him of adequate medical care.  The Medical Defendants' Motion to Dismiss will be denied.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim for relief that is plausible on its face."  Id.; Twombly, 550 U.S. at 547.  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly,

---

[2] Dicks is admonished that in the future, he must seek leave of court before filing a supplement, demonstrating why supplement is necessary.  His failure to do so likely will result in such supplement summarily being stricken from the record.

[3] See supra note 1.

4

555 U.S. at 556).

In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true.  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  "[C]onclusory allegations regarding the legal effect of the facts alleged," however, need not be accepted. Labram v. Havel, 43 F.3d 918, 921 (4th Cir. 1995) (citing United Mine Workers of Am., Inc. v. Wellmore Coal Corp., 609 F.2d 1083, 1085–86 (4th Cir. 1979)).  Because the central purpose of the complaint is to provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests, the plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendant to prepare a fair response.  Twombly, 550 U.S. at 555 n.3.

First, the Medical Defendants argue the Complaint should be dismissed because Dicks admittedly failed to pursue his administrative remedies to the highest available level.  The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, requires prisoners to exhaust "such administrative remedies as are available" prior to filing suit in federal court challenging prison conditions.  42 U.S.C. § 1997e(a) (2012).  "Because the PLRA does not define the term [available], courts have generally afforded it its common meaning; thus, an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."  Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008).  A prisoner, therefore, can be required to exhaust only those procedures that he is reasonably capable of exhausting.  See Days v. Johnson, 322 F.3d 863, 867 (5th Cir. 2003).

Here, the Medical Defendants are employed by a private health care contractor; they are not officials or employees of the Maryland Division of Corrections ("DOC").  Maryland inmates are not "required to exhaust the administrative remedy process involving claims filed against

healthcare staff because the Maryland DOC has not made the ARP process available to them in such cases." Wilson v. Md. Div. of Corr., No. DKC-11-111, 2011 WL 2118956, at *2 n.4 (D.Md. May 25, 2011). Thus, administrative remedies were not fully available to Dicks within the meaning of 42 U.S.C. § 1997e(a) and the Compliant will not be dismissed for failure to exhaust administrative remedies.

Next, the Medical Defendants cite to Filarsky v. Delia, ___ U.S. ___, 132 S.Ct. 1657, 1667–68, 182 L.Ed.2d 662 (2012), to support the argument that they are entitled to qualified immunity. Filarsky afforded qualified immunity to a private attorney retained by a city in California to assist in an internal investigation concerning a firefighter's potential wrongdoing. The Supreme Court of the United States made clear, however, that its holdings in Wyatt v. Cole, 504 U.S. 158 (1992), and Richardson v. McKnight, 521 U.S. 399 (1997), were not overruled. Filarsky, 132 S.Ct. at 1666. Richardson denied qualified immunity to prison guards employed by a private company and working in a privately run prison facility. The Supreme Court reasoned that there was no evidence of a tradition of immunity for private parties carrying out correctional functions. Richardson v. McKnight, 521 U.S. 399, 406-07 (1997). Similarly, here, the Medical Defendants —contractual health care providers working in a correctional facility— have failed to make a showing that Filarsky should be extended to them. Accordingly, the Complaint will not be dismissed under the protection of qualified immunity.

Finally, the Medical Defendants argue Dicks fails to state a claim for violating his Eighth Amendment right to be free from cruel and unusual punishment and depriving him of adequate medical care. Mindful that Dicks is proceeding pro se, the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and

can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972))).

Dicks alleges that he sought medical treatment for a pre-existing knee condition, but when he reported for treatment on October 9, 2012, he was assaulted and denied medical care. Dicks further alleges the assault caused him further injury and exacerbated his pre-existing condition but that he was refused any treatment related to the alleged assault.  Accepting as true all of the factual allegations contained in the complaint, the Court concludes Dicks is entitled to an opportunity to offer proof.  Accordingly, the Medical Defendants' Motion to Dismiss will be denied.

**C.**     <u>**Shearin's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment**</u>

Defendant Shearin moves to dismiss the complaint or, in the alternative, for summary judgment on the basis that the action is barred by qualified immunity.  The Court agrees and the Motion will be granted.

"When matters outside the pleading are presented to and not excluded by the court, the [12(b)(6)] motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."  <u>Laughlin v. Metro. Wash. Airports Auth.</u>, 149 F.3d 253, 260-61 (4th Cir. 1998) (alteration in original) (quoting Fed.R.Civ.P. 12(b)) (internal quotation marks omitted).  Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a).

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986)

(citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970)).  Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson, 477 U.S. at 247-48 (alteration in original).

A "material fact" is one that might affect the outcome of a party's case.  Id. at 248; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)).  Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson, 477 U.S. at 248; accord Hooven-Lewis, 249 F.3d at 265.

Here, because the Court will consider matters outside of the pleading, Shearin's Motion will be construed as a Motion for Summary Judgment.

First, the Eleventh Amendment immunizes states from suit brought in federal court absent waiver from the state or a clear exercise of congressional power to override such immunity under the Fourteenth Amendment.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989).  The State of Maryland has not expressly waived its immunity under the Eleventh Amendment to such suits.  A suit against a state official acting in his or her official capacity is no different from a suit against the State itself.  Will, 491 U.S. at 71.  Thus, Shearin is immune from suit in his official capacity.

Second, insofar as the Amended Complaint seeks to impose individual liability against Shearin for denial of medical care, there is no allegation or showing that Shearin was personally involved in Dicks's medical care.  "[I]n order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights'"  Garraghty v. Com. of Va., Dep't of Corr., 52 F.3d 1274, 1280 (4th Cir. 1995) (quoting Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985)).  Wardens employed by DPSCS do not make health care or medical decisions and rely upon the medical expertise of the private health care contractors for inmate medical and health care.  (Mot. Dismiss or Summ. J., Bishop Decl. Ex. 1, ECF No. 18-2).

Further, it appears Dicks seeks to hold Shearin responsible due solely to his role as a prison administrator.  This is the very essence of the doctrine of respondeat superior, which has no place in § 1983 litigation.  See Love-Lane v. Martin, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983); see also Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a Bivens suit).  Dicks has provided no evidence demonstrating supervisory liability on the part of Shearin.  See Shaw v. Shroud, 13 F.3d 791, 799 (4th Cir. 1994); Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990).

Third, to the extent Dicks alleges a claim based on Shearin's failure to investigate his ARP grievance concerning his alleged assaulted, the Complaint fails.  Dicks has no constitutional right to the establishment of an administrative remedy or other grievance process voluntarily established by the state.  See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).  Moreover, with respect to the specific ARP concerning Dicks's alleged assault on October 9, 2012, Case No. NBCI-2803-12, it was referred to the Internal Investigation Unit ("IIU") for investigation pursuant to DPSCS policy and procedures.  An independent investigation was

conducted by IIU and the results of the investigation were forwarded to the Allegany County State's Attorney's Office for review and final disposition.  Shearin neither participated in nor supervised the IIU's independent investigation.  Accordingly, Shearin will be granted partial summary judgment in his favor with respect to Dicks's Eighth Amendment claims of cruel and unusual punishment and denial of adequate medical care and any claim related to Shearin's failure to investigate ARPs related to such allegations.

### III. CONCLUSION

For the reasons given above, Shearin's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 18) will be granted in part and Shearin's Motion to Strike Amended Complaint (ECF No. 32) and the Medical Defendants' Motion to Dismiss (ECF No. 8) will be denied.

A separate Order will follow.

February 25, 2015

/s/
_____
George L. Russell, III
United States District Judge