IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANDREW J. DICKS, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. GLR-14-1016 |
| GREG FLURY, PA, et al., | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Plaintiff Andrew J. Dicks' Motion for Leave to File Second Amendment to Complaint (ECF No. 111). Defendants Greg Flury, PA and Colin Ottey, MD (the "Medical Defendants") oppose the Motion. The Motion is ripe for disposition. No hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons that follow, the Court will grant in part and deny in part the Motion.

## I. BACKGROUND[1]

Dicks, an inmate at North Branch Correctional Institution ("NBCI"), alleges that Defendant Flury assaulted him on October 9, 2012 while at a medical appointment to treat an injury to his right knee. (Compl. at 2–4, 6, ECF No. 1).[2] Dicks states that Flury punched him in the chest "with a closed fist," and then "grabbed [him] with both hands and shoved him backward into the examining table," which caused Dicks to fall on the floor and hit his head on the wall. (Id. at 4). Flury's assault, Dicks avers, exacerbated the

---

[1] The Court provided the factual background of this case in its February 25, 2015 Memorandum Opinion, (ECF No. 36). The Court repeats only facts relevant to the pending Motion.
[2] Citations to the Complaint refer to the CM/ECF pagination.

existing injury to his right knee. (Id. at 6). Dicks further pleads that at a medical appointment on October 15, 2012, Dr. Ottey prescribed him oral medication, but refused to treat the injuries he sustained as a result of Flury's assault. (Id. at 5). At the time of these events, Wexford Health Sources, Inc. ("Wexford"), a private contractor that provides medical services to inmates at Maryland prisons, employed the Medical Defendants. (2d Am. Compl. ¶¶ 9, 15, ECF No. 111-1).

On April 1, 2014, Dicks, proceeding pro se, filed suit against the Medical Defendants and the warden of NBCI, Bobby P. Shearin,[3] alleging violations of his civil rights under 42 U.S.C. § 1983 (2012) for cruel and unusual punishment and denial of medical care (the "Original Complaint"). (ECF No. 1). Dicks, still proceeding pro se, filed an amended complaint on May 12, 2014 (the "Supplement").[4] (ECF No. 7). Dicks, now represented by counsel, moves for leave to file a Second Amendment to the Original Complaint. The Medical Defendants filed their Opposition on April 21, 2017. (ECF No. 118). Dicks filed a Reply on May 9, 2017. (ECF No. 125).

## II. DISCUSSION

### A. Motion for Leave to File Amended Complaint

There is a "federal policy in favor of resolving cases on the merits instead of disposing of them on technicalities." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing,

---

[3] On February 25, 2015, the Court substituted Frank Bishop for Shearin because NBCI no longer employed Shearin. (ECF No. 37). Bishop subsequently settled the claims against him and is no longer party to this suit. (ECF No. 98).

[4] The Court will construe the amended complaint as a supplement to the Original Complaint under Federal Rule of Civil Procedure 15(d) because it relates to events subsequent to those alleged in Dicks' Complaint. The Supplement contains no allegations against the Medical Defendants.

Inc., 674 F.3d 369, 379 (4th Cir. 2012) (quoting Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc., 576 F.3d 172, 193 (4th Cir. 2009)). Consonant with this policy, Rule 15(a)(2) provides that the Court should "freely give leave" to file an amended complaint "when justice so requires." The United States Court of Appeals for the Fourth Circuit has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

Here, in his Second Amendment, Dicks seeks to add medical negligence claims against the Medical Defendants, add Wexford as a defendant, and bring respondeat superior, negligent hiring and training, and § 1983 deliberate indifference to medical needs claims against Wexford. The Medical Defendants argue that Dicks' Second Amendment is both prejudicial and futile, and that therefore, the Court should deny Dicks leave to amend. The Court begins by considering whether granting Dicks leave to file the Second Amendment would be prejudicial.

**1. Prejudice**

The Medical Defendants assert that incorporating the Original Complaint and Supplement by reference into the Second Amendment creates confusion, unfairness, and

inconvenience. The Medical Defendants also contend that Dicks' delay in amending his complaint creates undue prejudice.[5] The Court addresses these arguments in turn.

An amended pleading typically supersedes the original pleading, giving the original pleading no effect. Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) (quoting In re Crysen/Montenay Energy Co., 226 F.3d 160, 162 (2d Cir. 2000)). This principle does not, however, apply if the amended complaint "specifically refers to and incorporates by reference the earlier pleading." McManus v. Williams, 519 F.Supp.2d 1, 5 (D.D.C. 2007) (citing El-Hadad v. Embassy of the U.A.E., 69 F.Supp.2d 69, 71 n.1 (D.D.C. 1999)).

Rule 10(c) provides that "[a] statement in a pleading may be adopted by reference . . . in any other pleading or motion." Incorporation by reference under Rule 10(c) must, however, "be direct and explicit" so that the responding party may "ascertain the nature and extent of the incorporation." Hinton v. Trans Union, LLC, 654 F.Supp.2d 440, 446 (E.D.Va. 2009), aff'd, 382 F.App'x 256 (4th Cir. 2010) (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1326 (3d ed. 2004)). This requirement is meant to "ensure[ ] fairness" and avoid incorporations that "may prove confusing and inconvenient." Id. (Wright & Miller, supra, § 1326). Indeed, "the risk of such confusion and inconvenience is particularly high where . . . a party seeks wholesale

---

[5] The Medical Defendants also argue that the three-year delay between the filing of the Original Complaint and the Second Amendment is prejudicial. But, pursuant to the modified scheduling order, the deadline for filing amended pleadings was March 31, 2017. (See ECF Nos. 96, 97). The Medical Defendants cannot now argue that the Second Amendment prejudices them when they were aware of, and agreed to, the deadline.

incorporation in an amended pleading of a superseded version of that same pleading." Id. at 447. As a result, "wholesale incorporations—particularly those that seek to incorporate superseded versions of a complaint—must be examined with special care." Id. The Court "has broad discretion, based on the factual and procedural history of a particular case, to accept or to reject attempts at wholesale incorporation of superseded pleadings." Id. at n.16.

In this case, the Second Amendment "refers to and incorporates by reference all allegations in [the] initial Complaint" and "the First Amendment to Complaint." (2d Am. Compl. ¶¶ 7, 14, 19, 25, 34). The Second Amendment, however, does not seek to alter the allegations or claims in the Original Complaint. Rather, it merely adds counts against the Medical Defendants, adds Wexford as a defendant, and brings counts against Wexford. (Compare Compl., with 2d Am. Compl.). Additionally, considering that Dicks commenced this action through hand-written pleadings as a pro se litigant, the Court takes a more permissive view of Dicks' Second Amendment. See McManus, 519 F.Supp.2d at 5 (permitting pro se plaintiff's wholesale incorporation of the original complaint by reference into amended complaint). And, as a practical matter, Dicks cannot file the traditional amended complaint of a represented litigant because his Original Complaint and Supplement, which the Medical Defendants have answered, are hand-written. Because the Second Amendment does not alter the contents of the Original Complaint and Supplement, and the Medical Defendants have already answered these pleadings, it should be a relatively simple task for the Medical Defendants to answer the type-written and numbered paragraphs of the Second Amendment. Thus, the Court

5

concludes that Dicks' Second Amendment does not create confusion, unfairness, or inconvenience.

Next, the Medical Defendants maintain that Dicks' Second Amendment would prejudice them because Dicks seeks to amend close to the discovery deadline. Specifically, the Medical Defendants contend that Dicks' proposed amendment prejudices them because Dicks' new claims will require additional discovery and the retention of expert witnesses, which would further delay resolution of the case. The Medical Defendants submit that the Second Amendment "would render moot, or at least minimally relevant, everything that has happened to date in this matter" and that they "would need to start this case from scratch and treat it as a newly-filed case." (Defs.' Opp'n at 6). The Medical Defendants' claims of prejudice are greatly exaggerated.

In determining whether an amendment is prejudicial, the Court considers the nature of the proposed amendment and its timing. Laber, 438 F.3d at 427. Regarding timing, the further a case has progressed, the more likely it is that an amendment will be prejudicial. Mayfield, 674 F.3d at 379 (citation omitted). "A common example of a prejudicial amendment is one that 'raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial.'" Laber, 438 F.3d at 427 (quoting Johnson, 785 F.2d at 510).

Regarding the nature of a proposed amendment, an amendment is not prejudicial "if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." Id. (citing Davis v. Piper Aircraft Corp., 615 F.2d

606, 613 (4th Cir. 1980)); see Kalos v. Law Offices of Eugene A. Seidel, P.A., No. 1:09CV833 (JCC), 2009 WL 4683551, at *3 (E.D.Va. Dec. 3, 2009) ("Because the trial date is not yet set and no discovery has been taken, the Court finds that allowing leave to amend the Amended Complaint would not be unduly prejudicial to Defendants.").

Here, the Second Amendment seeks to bring medical negligence claims against the Medical Defendants, and respondeat superior, negligent hiring and training, and § 1983 deliberate indifference claims against a new defendant, Wexford. Dicks seeks to offer alternative theories of liability based on the allegations Dicks set forth in the Original Complaint. Thus, the Court concludes that the nature of Dicks' proposed amendments will not prejudice the Medical Defendants.

Nor does the timing of the proposed amendments prejudice the Medical Defendants. On April 27, 2017, the Court stayed all of the Scheduling Order deadlines, including the discovery deadlines, pending the resolution of this Motion. (ECF No. 119). At that time, the parties had conducted minimal discovery—only one set of interrogatories, one request for production of documents, and a subpoena served on Wexford. (Pl.'s Reply at 5, ECF No. 125). Because the Court has not set a trial date yet and the parties have conducted minimal discovery, the Defendants will have time to complete discovery related to Dicks' additional claims once the stay is lifted. Thus, the Court concludes that neither the nature nor the timing of Dicks' proposed amendments would unduly prejudice the Medical Defendants.

## 2. Futility

Leave to amend would be futile when an amended complaint could not survive a motion to dismiss for failure to state a claim. See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). "Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." Johnson, 785 F.2d at 510 (citing Davis, 615 F.2d at 613); see TFFI Corp. v. Williams, No. DKC 13-1809, 2015 WL 5008708, at *2 (D.Md. Aug. 20, 2015) ("Although the viability of Plaintiff's claims will be tested by the anticipated dispositive motions, Plaintiff's motion for leave to amend alleges enough plausible facts against the remaining defendants to not be futile.").

A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

Here, the Medical Defendants advance two principal arguments that Dicks' proffered amendments are futile. First, the Medical Defendants maintain that all of Dicks' newly-plead claims against them and Wexford are time-barred by the relevant

statute of limitations. Alternatively, they also assert that the negligent hiring and training and § 1983 claims against Wexford fail to state a claim. Second, the Medical Defendants argue that the Second Amendment does not relate back to the date of the Original Complaint.

### a. Statute of Limitations

The Medical Defendants contend that Maryland's three-year statute of limitations for medical negligence claims time-bars Dicks' claims against them because the claims do not relate back to the Original Complaint.[6] The Medical Defendants also contend that the same three-year statute of limitations bars Dicks' respondeat superior, negligent hiring and training, and § 1983 claims against Wexford.

The failure to meet the statute of limitations is an affirmative defense. Goodman v. Praxair, 494 F.3d 458, 464 (4th Cir. 2007). Because the Court, in essence, tests the sufficiency of the proposed amendment when considering whether it is futile, the Court "cannot reach the merits of an affirmative defense" unless "the amended complaint sets forth <u>on its face</u> the facts necessary to conclude that plaintiff's claims are barred by the statute of limitations." <u>Id.</u>

Under Maryland law, the statute of limitations for torts and medical negligence claims is three years. Md. Code Ann., Cts. & Jud. Proc. §§ 5-101, 5-109 (West 2017).

---

[6] The Medical Defendants also contend that the Court should decline to exercise supplemental jurisdiction over the state-law medical negligence claims. All the cases the Medical Defendants cite, however, granted summary judgment in favor of the defendants as to the federal law claims against them. See <u>Mitchell v. Ottey</u>, No. CV JKB-14-3152, 2016 WL 5815375, at *4 (D.Md. Oct. 5, 2016). Therefore, it was appropriate for the Court to decline to exercise supplemental jurisdiction over the state-law claims in those cases.

"Section 1983 contains no statute of limitations and, consequently, it has been held that the most analogous state statute of limitations would apply." Duggan v. Town of Ocean City, 516 F.Supp. 1081, 1083 (D.Md. 1981). This statute of limitations is also three years. Id.

Here, Dicks ignores the fact that he incorporates by reference into the Second Amendment the Original Complaint, which provides concrete dates for the events alleged. The Original Complaint alleges that Flury assaulted Dicks on October 9, 2012 and Dr. Ottey failed to provide necessary medical care at a subsequent appointment with Dicks on October 15, 2012. The Original Complaint further alleges that between October 9, 2012 and February 4, 2014, Dicks repeatedly complained to NBCI officials that Flury should not see him for medical appointments. (Compl. at 6–7). Dicks filed his Second Amendment on March 31, 2017—more than three years after the events alleged in the Original Complaint. Because Dicks brings his negligence, negligent hiring and retention, and § 1983 claims outside of the statute of limitations, the claims are time-barred unless they relate back to the date of the Original Complaint. The Court considers the Defendants in turn.

### b. The Medical Defendants

Rule 15(c) governs whether an amended pleading relates back to the date of the original pleading, and therefore renders the amended pleading timely even if it was filed outside of the statute of limitations. Under Rule 15(c)(1)(B), an amended pleading relates back to the date of the original pleading when it alleges a claim that "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the

original pleading." Here, the medical care—or lack of medical care—the Medical Defendants provided to Dicks when he sought treatment for his knee pain certainly arises out of the events of October 9, 2012 and October 15, 2012 that Dicks attempted to set forth in the Original Complaint. Thus, the Court concludes that the medical negligence claims against the Medical Defendants relate back to the date of the Original Complaint. To the extent that Dicks seeks to amend his complaint to add a medical negligence claim against Flury arising out of the October 9, 2012 incident and against Dr. Ottey arising out of the October 15, 2012 medical appointment, the Court will permit the amendments.

The Court will, however, deny Dicks' amendment that alleges medical negligence on subsequent dates. In the Second Amendment, Dicks simply claims that he "was taken to the infirmary for medical treatment on numerous occasions between October 9, 2012 and the present, seeing, among others, Defendants Colin Ottey and Greg Flury." (2d Am. Compl. ¶ 8). Even if the Court were to construe Dicks' statement in the Second Amendment as a supplemental pleading under Rule 15(d), such conclusory allegations fail to pass the Rule 8 pleading standard because they do not give the Medical Defendants sufficient notice of the claims against them. See Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556)

### c. Wexford

Under Rule 15(c)(1)(C), when an amendment "changes the party or the naming of the party against whom a claim is asserted," the amended pleading relates back to the date of the original pleading if: (1) the claims "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading"; and (2) "if,

11

within the [ninety-day] period . . . for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

The Medical Defendants argue that Dicks does not successfully relate the Second Amendment back to the Original Complaint's filing date because Rule 15(c)(1)(C)'s notice and mistake requirements are not satisfied. The Court agrees that the mistake requirement has not been met.

The Supreme Court in <u>Krupski v. Costa Crociere S. p. A.</u>, 560 U.S. 538 (2010) rejected a Rule 15(c) relation back inquiry that focuses on the type of mistake. Rather, a court should focus its inquiry on "the defendant's understanding of whether the plaintiff made a mistake[,]" which encompasses every type of mistake, including "[a]n error, misconception, or misunderstanding . . . ." <u>Id.</u> at 548 (internal quotation marks omitted) (alterations in original) (quoting <u>Mistake</u>, Black's Law Dictionary (9th ed. 2009)). Indeed, the Fourth Circuit in <u>Goodman</u> explained that the Rule 15(c) inquiry focuses "<u>on the new party</u>," not on the plaintiff's purported mistake. 494 F.3d at 471. The question, therefore, is "whether [the potential defendant] <u>knew or should have known</u> that it would have been named as a defendant but for an error." <u>Wilkins v. Montgomery</u>, 751 F.3d 214, 224 (4th Cir. 2014) (emphasis added) (quoting <u>Krupski</u>, 560 U.S. at 548).

Dicks avers that when he filed the Original Complaint, he believed that by suing the Medical Defendants, he was also suing Wexford. Dicks overlooks the fact that the

12

Court's inquiry is from Wexford's perspective—the Court does not consider the plaintiff's intent. Even construing Dicks' pro se Original Complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), Dicks' pleadings give no indication that he was attempting to sue Wexford.

In the Original Complaint, Dicks brings § 1983 claims for deliberate indifference to medical treatment and cruel and unusual punishment against "Defendants Flury, Ottey, and Shearin" in each of his counts. (See Compl. 8–12). None of the claims in the Original Complaint seek to hold the Medical Defendants' employer—DOC, Wexford, or any other entity—liable for the Medical Defendants' conduct. The Original Complaint does not name DOC or the Medical Defendants' employer as a defendant or plead any claims that could be construed as attempting to hold their employer directly liable. Additionally, Dicks sues the Medical Defendants "individually" and as DOC employees in the caption of the Original Complaint; Dicks does not list the Medical Defendants' employer as a separate entity in the caption. (Id. at 1). Based on the four corners of the Original Complaint, Wexford had no way of knowing that Dicks intended to sue it by bringing suit against the Medical Defendants. Because Wexford could not have known that Dicks would have named it as a defendant, the Second Amendment's addition of Wexford as a defendant does not relate back to the date of the Original Complaint. Thus, the Court concludes that the claims against Wexford are time-barred. Accordingly, the Court will deny Dicks' Motion for Leave to File Second Amendment to the Complaint to the extent that it seeks to add Wexford as a defendant and add claims against Wexford.

## III. CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Dicks' Motion for Leave to File Second Amendment to Complaint (ECF No. 111). The Court will grant the Motion to the extent that the Second Amendment seeks to add medical negligence claims against the Medical Defendants. The Court will deny the Motion to the extent that it seeks to add Wexford as a defendant and add respondeat superior, negligent hiring and training, and § 1983 claims against Wexford. The Original Complaint, Supplement, and Second Amendment are the operative pleadings. A separate order follows.

Entered this 16th day of January, 2018

/s/
George L. Russell, III
United States District Judge